**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

In re:

GAINEY CORPORATION, *et al.*,[1]

      Debtors.

_____/

Case No. 08-09092
Chapter 11
Jointly Administered Cases
Honorable James D. Gregg

BARRY P. LEFKOWITZ, AS LIQUIDATION
TRUSTEE OF THE GAINEY COMPANIES
LIQUIDATION TRUST,

      Plaintiff.

v.

XTRA LEASE LLC,

      Defendant.

_____/

Adversary Proceeding No. 11-_____

**COMPLAINT**

    Barry P. Lefkowitz, in his capacity as Liquidation Trustee (the "Trustee") of the Gainey

Companies Liquidation Trust (the "Trust"), by his counsel, Jaffe Raitt Heuer & Weiss, P.C.,

alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F) and (O).

---

[1]  The Debtors are: Gainey Corporation (Case No. 08-09092); Gainey Transportation Services, Inc. (Case No. 08-09094) ("Gainey Transportation"); Super Service, Inc. (Case No. 08-09096) ("Super Service"); Freight Brokers of America, Inc. (Case No. 08-09109); Lester Coggins Trucking, Inc. (Case No. 08-09095) ("Lester Coggins"); and Gainey Insurance Services, Inc. (Case No. 08-09097).

3.      Venue is proper in the Western District of Michigan and before this Court under 28 U.S.C. § 1409(a) because this adversary proceeding arises under a case under title 11 of the United States Code (the "Bankruptcy Code").

4.      This adversary proceeding is being brought under Rule 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 502(d), 547(b) and 550(a) of the Bankruptcy Code.

## BACKGROUND AND PARTIES

5.      On October 14, 2008 (the "Petition Date"), Gainey Corporation, *et al.,* (collectively, the "Debtors") commenced cases under chapter 11 of the Bankruptcy Code.

6.      An official committee of unsecured creditors (the "Committee") was formed by the Office of the United States Trustee under section 1102 of the Bankruptcy Code on November 7, 2008.

7.      On November 13, 2008, the Debtors filed their schedules of assets and liabilities and their statements of financial affairs, as modified, amended, or supplemented from time to time (collectively, the "Schedules").  The Schedules are incorporated by reference as if set forth herein in their entirety.

8.      The Schedules were prepared by the Debtors based upon their respective books and records.

9.      The Schedules show that, on the Petition Date, the Debtors' liabilities exceeded the value of their assets.

10.      On October 13, 2009, the Debtors filed their First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Doc. No. 1506] (the "Plan").  The Plan contemplated, among other things: (i) the establishment of the Trust, (ii) the approval of the Liquidation Trust Agreement and Declaration of Trust (the "Trust Agreement"), and (iii) the

2

appointment of the Trustee to pursue causes of action under chapter 5 of the Bankruptcy Code, including the causes of action set forth in this Amended Complaint. *See* Plan, §§ 5.1(a) and 5.3(c).

11.    On October 16, 2009, the Debtors and the Committee filed the Joint Motion to Approve (I) The Liquidation Trust Agreement and the Liquidation Trust, (II) Assignment of Certain Property to the Liquidation Trust, and (III) the Retention of Trust Professionals [Doc. No. 1519] (the "Joint Motion"). The Court entered an Order granting the Joint Motion and approving the Trust and the Trust Agreement on November 25, 2009 [Doc. No. 1669].

12.    On December 31, 2009, the Court entered its Findings of Fact, Conclusions of Law and Order Confirming Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code With Modifications [Doc. No. 1748] (the "Confirmation Order") which confirmed the Plan as finally modified [Doc. No. 1752].

13.    The Trustee and Xtra Lease LLC (Xtra) agreed to toll the statute of limitations until June 3, 2011, with respect to the causes of action set forth herein as well as the deadline for the Trustee to object to any claims filed by Xtra.

### The Preferential Transfers

14.    On or within the ninety (90) days preceding the Petition Date (the "Preference Period"), the Debtors made one or more transfers of money to Defendant, which transfers are set forth on Exhibit A attached hereto and incorporated by reference herein (each a "Transfer" and, together, the "Transfers").

15.    During the course of this proceeding, the Trustee may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period and/or after the Petition Date. It is the Trustee's intention to avoid and recover all transfers made by one or more of the Debtors of an interest of the Debtors in property and to or for the benefit of the

Defendant. The Trustee reserves his right to amend this Amended Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modification of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action that may become known to the Trustee at any time during this adversary proceeding through formal discovery or otherwise, and for such amendments to relate back to the original Complaint.

**A.    The Transfers Were Made On Or Within 90 Days Before The Petition Date.**

16.    The Debtors made each of the Transfers to the Defendant during the Preference Period, as demonstrated by the attached Exhibit A which provides, among other things, the date that each Transfer occurred.

**B.    The Defendant Was A Creditor Of The Debtors And The Transfers Were Made For Or On Account Of An Antecedent Debt.**

17.    The Defendant was a creditor of the Debtors at the time of the Transfers within the meaning of section 101(10)(A) of the Bankruptcy Code.

18.    More specifically, prior to the date of each of the Transfers, the Debtors were indebted to the Defendant for goods and/or services that were previously supplied (the "Indebtedness").

19.    As set forth on the attached Exhibit A, the Indebtedness was evidenced by certain known invoice(s) which the Defendant submitted to the Debtors.

20.    According to the Debtors' books and records, the Transfers were payments for or on account of such Indebtedness.

**C.    An Interest Of The Debtors In Property Was Transferred.**

21.    The Transfers consisted of a property interest of the Debtors that was transferred to the Defendants. The property interest that was transferred was money that previously

belonged to the Debtors as evidenced by the fact that the money transferred came out of the Debtors' bank accounts.

**D.      The Transfers Were Made While The Debtors Were Insolvent.**

22.      The Debtors were insolvent on the date that the Transfers were made.

23.      The Debtors were insolvent on the Petition Date, as demonstrated by the Schedules.

24.      The Debtors' insolvency during the Preference Period is presumed pursuant to section 547(f) of the Bankruptcy Code.

**E.      The Transfers Enabled The Defendant To Receive More Than It Would Have Received In A Case Under Chapter 7 Of The Bankruptcy Code.**

25.      As demonstrated by the Schedules, the amount of the Debtors' liabilities exceeded the value of their assets on the Petition Date.  Because the Debtors' liabilities exceeded their assets, creditors would receive less than a 100% dividend in a case under chapter 7 of the Bankruptcy Code.

26.      Accordingly, the Transfers enabled the Defendant to receive more than it would have received if the Transfers had not been made, and the Defendant received payment to the extent provided by the provisions of chapter 7 of the Bankruptcy Code

<u>The Claims</u>

27.      Xtra filed five claims in the bankruptcy cases- claim #46 in the Lester Coggins case in the amount of $1,206,513.62 (the "LC Claim"); claim #63 in the Super Service case in the amount of $136,279.24 (the "SS Claim"); claim #71 in the Gainey Transportation case in the amount of $2,030,232.69 (the "GTS 1 Claim"); claim #72 in the Gainey Transportation case in the amount of $2,140.65 (the "GTS 2 Claim") and claim #442 in the Gainey Corporation case in the amount of $5,171,705.29 (the "GC Claim").

28.     The GC Claim was based upon a Gainey Corporation guarantee of certain debts due to Xtra.

29.     The GC Claim was filed in the amount of $5,171,705.29, which was the total of the LC Claim, SS Claim, GTS 1 Claim and GTS 2 Claim prior to amendments being filed in May 2011.

## COUNT I
### (Avoidance of Transfers Under 11 U.S.C. § 547(b))

30.     The Trustee repeats, re-alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

31.     Under section 547(b) of the Bankruptcy Code, the Trustee may avoid any transfer of any interest of the Debtors in property—

    A.     to or for the benefit of a creditor;

    B.     for or on account of an antecedent debt owed by the debtor before such transfer was made;

    C.     made while the debtor was insolvent;

    D.     made—
        A.     on or within 90 days before the filing of the petition; or
        B.     between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    E     that enables such creditor to receive more than such creditor would receive if—
        A.     the case were a case under chapter 7 of this title;
        B.     the transfer had not been made; and
        C.     such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

32.     The Transfers are payments of funds out of the Debtors' bank accounts, which funds belonged to the Debtors prior to the Transfers.

33.     At the time of the Transfers, the Defendant was a creditor of the Debtors, as evidenced by the Indebtedness.

34.     The Transfers were made for or on account of an antecedent debt incurred by the Debtors the amount of which equaled or exceeded the amount of each Transfer.

35.     During the Preference Period, the Debtors were insolvent.

36.     Each of the Transfers was made during the Preference Period.

37.     The Transfers enabled the Defendant to receive more than it would have received if the Transfers had not been made, and Defendant received payment to the extent provided by the provisions of chapter 7 of the Bankruptcy Code.

## COUNT II
### (Recovery of Preferential Transfers Under 11 U.S.C. § 550(a))

38.     The Trustee repeats, re-alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

39.     The Trustee may avoid each of the Transfers pursuant to sections 547(b) of the Bankruptcy Code.

40.     The Defendant was the recipient of each of the Transfers.

41.     The Defendant was the initial transferee of each of the Transfers, or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

42.     The Transfers, to the extent they are avoided under sections 547(b) of the Bankruptcy Code, may be recovered by the Trustee pursuant to section 550(a) of the Bankruptcy Code along with interest from the date of the Transfers and the costs and expenses of this action

## COUNT III
### (Objection to GC Claim)

43.    The GC Claim was supported by a corporate guarantee executed by Gainey Corporation in favor of Xtra as to debts owed by Lester Coggins and a corporate guarantee executed by Gainey Corporation in favor of Xtra as to debts owed by Gainey Transportation.

44.    The total of the LC Claim, GTS 1 Claim and GTS 2 Claim after amendment is $3,238,886.96.

45.    As the GC Claim is based upon a guarantee of debts owed by Lester Coggins and Gainey Transportation, the GC Claim is overstated by $1,932,818.33.

46.    The Trustee anticipates that Xtra may seek to amend the GC Claim to add amounts that may be allegedly due to Xtra beyond those asserted prior to the bar date.  To the extent Xtra does so, the Trustee objects to any such amended claim which asserts claims beyond those filed prior to the claims bar date.

47.    The Trustee objects to the GC Claim and requests that this Court reduce the GC Claim to the amount of $3,238,886.96, subject to Count IV herein.

## COUNT IV
### (Disallowance of Claims Under 11 U.S.C. § 502(d))

48.    The Trustee repeats, re-alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if fully set forth herein.

49.    The Defendant was the recipient of each of the Transfers, which are avoidable under sections 547(b) and recoverable under section 550(a) of the Bankruptcy Code.

50.    Under section 502(d) of the Bankruptcy Code, the Court shall disallow any claim of any entity from which property is recoverable under section 550(a) of the Bankruptcy Code.

51.    Because the Defendant has not paid or returned the Transfers to the Trustee, any and all claims of the Defendant must be disallowed.

WHEREFORE, the Trustee respectfully requests that the Court enter an order granting a judgment:

    a.    in favor of the Trustee and against the Defendant in an amount not less than the Transfers, plus interest from the date of such Transfers until full payment is made to the Trustee, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing the Defendant to turnover such sum to the Trustee pursuant to sections 547(b) and 550(a) of the Bankruptcy Code;

    b.    in favor of the Trustee and against the Defendant by reducing the GC Claim to 3,238,886.96, subject to section 502(d) of the Bankruptcy Code;

    c.    in favor of the Trustee and against the Defendant disallowing any claims filed by the Defendant in the Debtors' bankruptcy cases unless and until the Defendant returns the Transfers to the Trustee pursuant to sections 502(d) of the Bankruptcy Code; and

    d.    Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted by:

**JAFFE RAITT HEUER & WEISS, P.C.**

By:    /s/ Alicia S. Schehr
Alicia S. Schehr (P54236)
Counsel to the Trustee
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
(248) 351-3082 (facsimile)
Dated:  June 2, 2011            aschehr@jaffelaw.com

2063007.2

**EXHIBIT A**

**Debtor(s):**     Gainey Corporation et al

**Transferee:**     XTRA LEASE | XTRA01

| Transferor / Debtor | Invoice Number | Invoice Date | Invoice Amount | Check/Wire Number | Check/Wire Date | Check/Wire Amount |
|---|---|---|---|---|---|---|
| **Gainey Transportation Services Inc** | | | | | | |
| | | | | 395380 | 8/4/2008 | $56,147.49 |
| | 1734244 | 4/26/2008 | $203.00 | | | |
| | 1740463 | 5/7/2008 | $203.00 | | | |
| | 1744525 | 5/17/2008 | $2,893.61 | | | |
| | 1747120 | 5/22/2008 | $2,947.41 | | | |
| | 1750204 | 5/23/2008 | $1,195.97 | | | |
| | 1747152 | 5/23/2008 | $552.00 | | | |
| | 1752230 | 5/29/2008 | $1,022.35 | | | |
| | 1753096 | 5/31/2008 | $2,577.25 | | | |
| | CR103602 | 6/26/2008 | ($47,270.00) | | | |
| | 01768999 | 6/27/2008 | $39,502.90 | | | |
| | 01768997 | 6/27/2008 | $34,720.00 | | | |
| | UNIT W47743 | 7/24/2008 | $17,600.00 | | | |

## EXHIBIT A

**Debtor(s):**    Gainey Corporation et al

**Transferee:**    XTRA LEASE | XTRA01

| Transferor / Debtor | Invoice Number | Invoice Date | Invoice Amount | Check/Wire Number | Check/Wire Date | Check/Wire Amount |
|---|---|---|---|---|---|---|
| | | | | 396220 | 9/2/2008 | $33,899.14 |
| | 01775045 | 7/9/1980 | $3,026.00 | | | |
| | 01754877 | 6/4/2008 | $1,843.00 | | | |
| | 01754875 | 6/4/2008 | $382.84 | | | |
| | 01754871 | 6/4/2008 | $293.05 | | | |
| | 01754872 | 6/4/2008 | $254.79 | | | |
| | 01754876 | 6/4/2008 | $151.90 | | | |
| | 01755366 | 6/5/2008 | $446.19 | | | |
| | 01755815 | 6/6/2008 | $507.19 | | | |
| | 01755816 | 6/6/2008 | $39.59 | | | |
| | 01758083 | 6/7/2008 | $1,086.77 | | | |
| | 01758080 | 6/7/2008 | $629.45 | | | |
| | 01758079 | 6/7/2008 | $529.40 | | | |
| | 01758081 | 6/7/2008 | $432.59 | | | |
| | 01758078 | 6/7/2008 | $415.32 | | | |
| | 01758082 | 6/7/2008 | $386.71 | | | |
| | 01760423 | 6/13/2008 | $923.45 | | | |
| | 01760422 | 6/13/2008 | $492.00 | | | |
| | 01760421 | 6/13/2008 | $436.92 | | | |
| | 01760819 | 6/14/2008 | $850.00 | | | |
| | 01760822 | 6/14/2008 | $552.00 | | | |
| | 01760820 | 6/14/2008 | $497.03 | | | |
| | 01760821 | 6/14/2008 | $116.63 | | | |
| | 01763062 | 6/18/2008 | $818.00 | | | |
| | 01765996 | 6/26/2008 | $415.57 | | | |
| | 01768998 | 6/27/2008 | $21,170.00 | | | |
| | 01779826 | 7/16/2008 | $1,131.75 | | | |
| | 01779823 | 7/16/2008 | $711.00 | | | |
| | CR104293 | 7/19/2008 | ($4,640.00) | | | |

**EXHIBIT A**

**Debtor(s):**    Gainey Corporation et al

**Transferee:**    XTRA LEASE | XTRA01

| Transferor / Debtor | Invoice Number | Invoice Date | Invoice Amount | Check/Wire Number | Check/Wire Date | Check/Wire Amount |
|---|---|---|---|---|---|---|
| | | | | 396845 | 9/9/2008 | $117,406.97 |
| | 01754873 | 6/4/2008 | $805.48 | | | |
| | 01754874 | 6/4/2008 | $524.03 | | | |
| | 01765994 | 6/26/2008 | $1,457.06 | | | |
| | 01765995 | 6/26/2008 | $896.00 | | | |
| | 01769004 | 6/27/2008 | $2,543.28 | | | |
| | 01769008 | 6/27/2008 | $1,990.90 | | | |
| | 01769001 | 6/27/2008 | $1,752.65 | | | |
| | 01769007 | 6/27/2008 | $1,581.03 | | | |
| | 01769012 | 6/27/2008 | $888.00 | | | |
| | 01769009 | 6/27/2008 | $880.52 | | | |
| | 01769006 | 6/27/2008 | $760.00 | | | |
| | 01769005 | 6/27/2008 | $753.00 | | | |
| | 01769015 | 6/27/2008 | $585.00 | | | |
| | 01769000 | 6/27/2008 | $496.51 | | | |
| | 01769010 | 6/27/2008 | $420.00 | | | |
| | 01769002 | 6/27/2008 | $369.91 | | | |
| | 01769016 | 6/27/2008 | $335.53 | | | |
| | 01769011 | 6/27/2008 | $308.00 | | | |
| | 01769017 | 6/27/2008 | $265.36 | | | |
| | 01769014 | 6/27/2008 | $229.19 | | | |
| | 01769003 | 6/27/2008 | $190.00 | | | |
| | 01769013 | 6/27/2008 | $98.00 | | | |
| | 01769657 | 6/28/2008 | $1,210.00 | | | |
| | 01769656 | 6/28/2008 | $975.00 | | | |
| | 017696564 | 6/28/2008 | $413.19 | | | |
| | 01769655 | 6/28/2008 | $405.00 | | | |
| | 01769653 | 6/28/2008 | $363.42 | | | |
| | 01769658 | 6/28/2008 | $268.85 | | | |
| | 01769659 | 6/28/2008 | $244.50 | | | |
| | 01771960 | 7/3/2008 | $1,250.00 | | | |
| | 01771959 | 7/3/2008 | $860.00 | | | |
| | 01771958 | 7/3/2008 | $645.03 | | | |
| | 01771963 | 7/3/2008 | $577.50 | | | |
| | 01771962 | 7/3/2008 | $545.00 | | | |
| | 01771957 | 7/3/2008 | $535.50 | | | |
| | 01771961 | 7/3/2008 | $492.00 | | | |
| | 01771964 | 7/3/2008 | $385.00 | | | |
| | 01771965 | 7/3/2008 | $224.63 | | | |
| | 01786337 | 7/26/2008 | $39,502.90 | | | |
| | 01786335 | 7/26/2008 | $34,720.00 | | | |

## EXHIBIT A

**Debtor(s):**     Gainey Corporation et al

**Transferee:**     XTRA LEASE | XTRA01

| Transferor / Debtor | Invoice Number | Invoice Date | Invoice Amount | Check/Wire Number | Check/Wire Date | Check/Wire Amount |
|---|---|---|---|---|---|---|
| | 01786336 | 7/26/2008 | $15,660.00 | | | |

## EXHIBIT A

**Debtor(s):**   Gainey Corporation et al

**Transferee:**   XTRA LEASE | XTRA01

| Transferor / Debtor | Invoice Number | Invoice Date | Invoice Amount | Check/Wire Number | Check/Wire Date | Check/Wire Amount |
|---|---|---|---|---|---|---|
| | | | | 397109 | 9/15/2008 | $39,955.88 |
| | 0177503 | 7/9/2008 | $1,989.00 | | | |
| | 01775046 | 7/9/2008 | $1,296.00 | | | |
| | 01775042 | 7/9/2008 | $1,226.88 | | | |
| | 01775047 | 7/9/2008 | $809.46 | | | |
| | 01775044 | 7/9/2008 | $463.75 | | | |
| | 01776990 | 7/11/2008 | $1,574.60 | | | |
| | 01776988 | 7/11/2008 | $1,180.00 | | | |
| | 01776984 | 7/11/2008 | $1,122.70 | | | |
| | 01776982 | 7/11/2008 | $1,013.00 | | | |
| | 01776993 | 7/11/2008 | $901.07 | | | |
| | 01776987 | 7/11/2008 | $845.00 | | | |
| | 01776983 | 7/11/2008 | $782.75 | | | |
| | 01776981 | 7/11/2008 | $565.00 | | | |
| | 01776992 | 7/11/2008 | $510.00 | | | |
| | 01776986 | 7/11/2008 | $482.51 | | | |
| | 01776980 | 7/11/2008 | $462.74 | | | |
| | 01776991 | 7/11/2008 | $435.00 | | | |
| | 01776985 | 7/11/2008 | $263.00 | | | |
| | 01776989 | 7/11/2008 | $97.13 | | | |
| | 01777362 | 7/12/2008 | $1,797.50 | | | |
| | 01777360 | 7/12/2008 | $941.50 | | | |
| | 01777361 | 7/12/2008 | $776.92 | | | |
| | 01777363 | 7/12/2008 | $765.76 | | | |
| | 01779229 | 7/15/2008 | $821.09 | | | |
| | 01779231 | 7/15/2008 | $565.00 | | | |
| | 01779230 | 7/15/2008 | $387.00 | | | |
| | 01779235 | 7/15/2008 | $325.00 | | | |
| | 01779228 | 7/15/2008 | $240.00 | | | |
| | 01779234 | 7/15/2008 | $215.00 | | | |
| | 01779232 | 7/15/2008 | $173.00 | | | |
| | 01779233 | 7/15/2008 | $142.50 | | | |
| | 01779831 | 7/16/2008 | $995.00 | | | |
| | 01779827 | 7/16/2008 | $971.00 | | | |
| | 01779835 | 7/16/2008 | $653.50 | | | |
| | 01779822 | 7/16/2008 | $555.25 | | | |
| | 01779834 | 7/16/2008 | $507.00 | | | |
| | 01779829 | 7/16/2008 | $502.60 | | | |
| | 01779830 | 7/16/2008 | $501.00 | | | |
| | 01779825 | 7/16/2008 | $492.94 | | | |
| | 01779832 | 7/16/2008 | $452.50 | | | |

## EXHIBIT A

**Debtor(s):**     Gainey Corporation et al

**Transferee:**    XTRA LEASE | XTRA01

| Transferor / Debtor | Invoice Number | Invoice Date | Invoice Amount | Check/Wire Number | Check/Wire Date | Check/Wire Amount |
|---|---|---|---|---|---|---|
| | 01779821 | 7/16/2008 | $430.00 | | | |
| | 01779824 | 7/16/2008 | $385.44 | | | |
| | 01779828 | 7/16/2008 | $378.00 | | | |
| | 01779833 | 7/16/2008 | $297.20 | | | |
| | 01780324 | 7/17/2008 | $530.00 | | | |
| | 01780325 | 7/17/2008 | $305.29 | | | |
| | 01780326 | 7/17/2008 | $72.88 | | | |
| | 01783361 | 7/25/2008 | $1,073.00 | | | |
| | 01783354 | 7/25/2008 | $1,065.00 | | | |
| | 01783356 | 7/25/2008 | $1,020.00 | | | |
| | 01783360 | 7/25/2008 | $930.00 | | | |
| | 01783355 | 7/25/2008 | $862.00 | | | |
| | 01783357 | 7/25/2008 | $850.00 | | | |
| | 01783353 | 7/25/2008 | $820.00 | | | |
| | 01783363 | 7/25/2008 | $528.19 | | | |
| | 01783358 | 7/25/2008 | $460.50 | | | |
| | 01783352 | 7/25/2008 | $457.25 | | | |
| | 01783359 | 7/25/2008 | $430.00 | | | |
| | 01783362 | 7/25/2008 | $260.48 | | | |
| | | | | 397954 | 10/7/2008 | $74,222.90 |
| | 01805062 | 8/27/2008 | $39,502.90 | | | |
| | 01805060 | 8/27/2008 | $34,720.00 | | | |
| **Total for Gainey Transportation Services Inc:** | | | **$321,632.38** | | | **$321,632.38** |
| **Lester Coggins Trucking Inc** | | | | | | |
| | | | | 86475 | 7/29/2008 | $79,706.00 |
| | 1766385 | 6/27/2008 | $79,706.00 | | | |
| | | | | 86873 | 8/25/2008 | $79,706.00 |
| | 01783747 | 7/26/2008 | $79,706.00 | | | |
| | | | | 87426 | 9/23/2008 | $79,706.00 |
| | 01802433 | 8/27/2008 | $79,706.00 | | | |
| **Total for Lester Coggins Trucking Inc:** | | | **$239,118.00** | | | **$239,118.00** |
| **Super Service Inc** | | | | | | |
| | | | | 191497 | 7/21/2008 | $14,461.82 |
| | 1750191 | 5/23/2008 | $14,461.82 | | | |
| | | | | 191979 | 7/29/2008 | $467.83 |
| | 1754869 | 6/4/2008 | $467.83 | | | |
| | | | | 192289 | 8/5/2008 | $478.19 |
| | 1472354 | 3/8/2007 | $478.19 | | | |

## EXHIBIT A

**Debtor(s):**     Gainey Corporation et al

**Transferee:**     XTRA LEASE | XTRA01

| Transferor / Debtor | Invoice Number | Invoice Date | Invoice Amount | Check/Wire Number | Check/Wire Date | Check/Wire Amount |
|---|---|---|---|---|---|---|
| | | | | 192894 | 8/13/2008 | $18,598.49 |
| | 1754866 | 6/4/2008 | $1,213.78 | | | |
| | 1755362 | 6/5/2008 | $2,746.30 | | | |
| | 1755361 | 6/5/2008 | $1,300.85 | | | |
| | 1755363 | 6/5/2008 | $1,018.00 | | | |
| | 1776977 | 7/11/2008 | $758.46 | | | |
| | 1776975 | 7/11/2008 | $617.89 | | | |
| | 1776979 | 7/11/2008 | $591.20 | | | |
| | 1776976 | 7/11/2008 | $288.58 | | | |
| | 1776978 | 7/11/2008 | $195.73 | | | |
| | 1779222 | 7/15/2008 | $1,525.97 | | | |
| | 1782894 | 7/24/2008 | $1,076.88 | | | |
| | 1782898 | 7/24/2008 | $949.78 | | | |
| | 1782895 | 7/24/2008 | $839.03 | | | |
| | 1782899 | 7/24/2008 | $389.00 | | | |
| | 1788025 | 7/29/2008 | $2,515.09 | | | |
| | 1788035 | 7/29/2008 | $356.00 | | | |
| | 1790350 | 8/5/2008 | $925.90 | | | |
| | 1790351 | 8/5/2008 | $707.30 | | | |
| | 1790352 | 8/5/2008 | $582.75 | | | |
| | | | | 192895 | 8/19/2008 | $15,032.65 |
| | 1768990 | 6/27/2008 | $8,942.65 | | | |
| | 1786328 | 7/26/2008 | $6,090.00 | | | |
| | | | | 193311 | 9/3/2008 | $805.25 |
| | 1788039 | 7/29/2008 | $805.25 | | | |
| | | | | 193122 | 9/5/2008 | $1,136.36 |
| | 1783351 | 7/25/2008 | $1,136.36 | | | |

<u>EXHIBIT A</u>

**Debtor(s):**      Gainey Corporation et al

**Transferee:**      XTRA LEASE | XTRA01

| Transferor / Debtor | Invoice Number | Invoice Date | Invoice Amount | Check/Wire Number | Check/Wire Date | Check/Wire Amount |
|---|---|---|---|---|---|---|
| | | | | 193962 | 9/22/2008 | $34,737.35 |
| | 1754865 | 6/4/2008 | $2,496.35 | | | |
| | 1755364 | 6/5/2008 | $2,467.63 | | | |
| | 1755357 | 6/5/2008 | $2,114.04 | | | |
| | 1755358 | 6/5/2008 | $1,853.57 | | | |
| | 1762548 | 6/17/2008 | $854.33 | | | |
| | 1782896 | 7/24/2008 | $1,355.00 | | | |
| | 1782897 | 7/24/2008 | $1,020.00 | | | |
| | 1788023 | 7/29/2008 | $1,911.04 | | | |
| | 1788037 | 7/29/2008 | $1,894.00 | | | |
| | 1788036 | 7/29/2008 | $1,703.24 | | | |
| | 1788011 | 7/29/2008 | $1,699.21 | | | |
| | 1788019 | 7/29/2008 | $1,681.50 | | | |
| | 1788038 | 7/29/2008 | $1,516.68 | | | |
| | 1788026 | 7/29/2008 | $1,445.19 | | | |
| | 1788020 | 7/29/2008 | $1,092.12 | | | |
| | 1788024 | 7/29/2008 | $1,074.03 | | | |
| | 1788018 | 7/29/2008 | $1,040.75 | | | |
| | 1788040 | 7/29/2008 | $1,029.00 | | | |
| | CR104641 | 7/31/2008 | ($583.50) | | | |
| | CR104641 | 7/31/2008 | ($628.46) | | | |
| | CR104641 | 7/31/2008 | ($667.50) | | | |
| | 1790353 | 8/5/2008 | $1,482.03 | | | |
| | 1794094 | 8/8/2008 | $1,232.27 | | | |
| | 1799230 | 8/20/2008 | $2,123.00 | | | |
| | 1799227 | 8/20/2008 | $1,099.22 | | | |
| | 1799225 | 8/20/2008 | $1,055.84 | | | |
| | 1799228 | 8/20/2008 | $405.94 | | | |
| | 1799226 | 8/20/2008 | $369.03 | | | |
| | 1799229 | 8/20/2008 | $361.50 | | | |
| | 1799224 | 8/20/2008 | $240.30 | | | |
| | | | | 194224 | 9/30/2008 | $290.00 |
| | 1805053 | 8/27/2008 | $290.00 | | | |
| **Total for Super Service Inc:** | | | **$86,007.94** | | | **$86,007.94** |
| **Total Payments:** | | | **$646,758.32** | | | **$646,758.32** |